The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701-0336
Dear Representative Dawson:
This is in response to your request for an opinion on three questions arising in light of an upcoming election in the City of Camden. Specifically, you note that on March 28, 1995, the City of Camden will hold an election to decide the question of whether to revert from the city management form of government to the mayor-council form of government. You also note that several years ago, a federal court ordered the City of Camden to establish "seven geographic nearly equally populated districts with one director elected from each of the established districts." Your three questions are as follows:
 1. If the electorate chooses at the election on March 28 to revert to mayor-council form of government, will two aldermen be elected from each of the existing districts?
 2. Must the federal court give permission for this arrangement of electing alderman?
 3. If the people choose the mayor-council form of government, must the city clerk-treasurer be elected by the people, or can the mayor and council appoint a city clerk-treasurer?
I must decline to answer your first two questions, as they will be governed by the provisions of the federal court order, or settlement agreement, as the case may be. The construction of such orders and agreements is best left to the parties themselves, or ultimately to the federal court. This office has not been provided with a copy of any federal court order or settlement agreement, and cannot, in the context of an official opinion of the Attorney General, especially where the state is not a party, presume to dictate actions to be taken under the rubric of such documents. These questions should be addressed by the Camden City Attorney, and if necessary, by the federal court.
With regard to your third question, it is my opinion that the answer is that the city clerk must be elected by the people. Section 14-43-313 of the Arkansas Code, originally enacted in 1893, provides in pertinent part as follows:
 (a) At the general election in cities of the first class held in 1894 and every two (2) years thereafter, there shall be elected by the qualified electors of these cities a city clerk and city attorney who shall hold office for the two (2) years next following and until their successors are elected and qualified.
Section 14-43-316 of the Arkansas Code, originally enacted in 1943 and then amended in both 1951 and 1961, states in pertinent part that:
 (a) The qualified voters of cities of the first class having a population of less than fifty thousand (50,000) and having the mayor-council form of government shall elect one (1) city clerk on the first Tuesday following the first Monday in November, 1962, and every four (4) years thereafter. The city clerk shall hold office for four (4) years and until his successor is elected and qualified.
Each of these provisions provides for the election, rather than the appointment, of a city clerk in cities of the first class with the mayor-council form of government. Your question refers to the "clerk-treasurer" a designation which is authorized at A.C.A. §14-43-405, which provides that:
 All cities of the first class having the mayor-council form of government may provide, by ordinance, for the election or appointment of their city treasurer. The city may, by ordinance or resolution, designate the city clerk as clerk-treasurer, allowing one (1) person to assume the duties of both clerk and treasurer.
This statute addresses itself to the method of selecting a citytreasurer. It states that the city may provide for the election or appointment of a treasurer, or it may designate the city clerk as "clerk-treasurer." This statute, in my opinion, however, while authorizing the appointment of the city treasurer, cannot be read to authorize the appointment of the city clerk. The statute merely authorizes the designation of the city clerk as "clerk-treasurer." It does not attempt to alter the selection method of the city clerk, who is required to be elected by the statutes set out above.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh